UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. C.R. No. 07-100-3 S

RAFAEL FERNANDEZ-ROQUE

**MEMORANUDM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS**

Defendant, Rafael Fernandez-Roque, has filed a Motion To Suppress alleged statements made following his arrest by the government on May 30, 2007. For the following reasons, these alleged statements should be suppressed.

**Background.**

In a multiple defendant, three count indictment, Fernandez-Roque is accused of one count of conspiracy to possess with intent to deliver in excess of five kilograms of cocaine. Specifically, it is alleged[1] that on May 29, 2007, Fernandez-Roque left Providence, Rhode Island in a vehicle driven by co-defendant Idelfonso Betancourt-Rodriquez. Co-defendant Omar Altamirano-Nunez, the alleged "ring leader" of the conspiracy, was in another vehicle. It is alleged that the three co-defendants drove to the Springfield, Massachusetts area, where they rendezvoused with a truck driven by co-defendant Adolfo Verdugo. It is further alleged that Verdugo placed a bag containing twenty-nine kilograms of cocaine in the vehicle driven by Betancourt-Rodriguez, and occupied by Fernandez-Roque. According to Agent Naylor, agents had the co-defendants under nearly constant surveillance from the time they left Providence. In

[1] The following factual averments are based on the sparse discovery provided by the government (discussed *infra*), and conversations between undersigned counsel and the apparent lead case agent from the Drug Enforcement Agency, TFA Michael Naylor.

addition, various phones utilized by Altamirano-Nunez were being monitored by wiretap.[2]

After the alleged transfer of the bag containing the cocaine, the agents requested a Massachusetts State Police trooper stop the vehicle containing Fernandez-Roque and Betancourt-Rodriguez. At this time, the agents seized the bag containing the cocaine from the backseat of the vehicle. Both Betancourt-Rodriquez and Fernandez-Rogue were placed under arrest. *See* redacted and partial DEA-6 reports of TFA Michael Naylor and SA Mark Tully, dated May 31, 2007 (Attached hereto as Exhibit A)

While being processed, Fernandez-Roque was allegedly informed of his rights in accordance with *Miranda v. Arizona*, and questioned regarding his identity. During the course of this questioning, Fernandez-Roque allegedly stated he was unsure of his address, and "worked for [Altimirano-Nunez] at a garage." DEA-6 Report of TFA Naylor at 7.

## Argument

At this time, the precise circumstances surrounding Fernandez-Roque's arrest and subsequent interrogation are unknown. Besides the wiretap recordings, the limited DEA-6 reports provided (attached hereto), and undersigned counsel's opportunity to discuss this matter with TFA Naylor, Fernandez-Roque has not been provided enough information to properly assess whether his constitutional rights have been violated. Accordingly, this Motion has been filed to preserve Fernandez-Roque's right to raise

---

[2] The wiretaps recorded a number of calls between Altamarino-Nunez and Betancourt-Rodriquez, and between Altamarino-Nunez and Verdugo. There is only one call between Altamarino-Nunez and Fernandez-Roque during the time the co-defendants were on the road.

issues, should it appear from further documentation of this matter, or a hearing on this Motion that a violation did occur.

That being said, the following are issues that may warrant suppression of Fernandez-Roque's alleged statements at trial.

**A. *Miranda v. Arizona*.**

It is well established by the seminal case *Miranda v. Arizona*, 384 U.S. 436 (1966), and its progeny, that a defendant must be informed of his or her constitutional rights, and make a knowing waiver of such rights before the government may engage in any custodial interrogation.

In the instant case, upon information and belief, Fernandez-Roque may not have been adequately informed of his Miranda rights and/or made a knowing waiver prior to interrogation. Fernandez-Roque, who is a native of Mexico, only speaks Spanish. This raises profound issues whether the agents involved were able to convey *Miranda* rights to Fernandez-Roque, and ascertain whether a waiver had occurred.

**B. Sixth Amendment Right To Counsel.**

It is axiomatic that an accused who invokes his right to assistance of counsel cannot thereafter be questioned by the government without the presence of an attorney for the accused. *See e.g. Brewer v. Williams*, 430 U.S. 387 (1977). Upon information and belief, Fernandez-Roque invoked his right to counsel while in custody. If this invocation occurred prior to his alleged statements, then grounds may exist for exclusion.

### C. <u>Fernandez-Roque's Arrest Was Without Probable Cause</u>.

Upon information and belief, although the DEA's investigation of this case was expansive,[3] the government had never observed Fernandez-Roque prior to the night in question. Furthermore, upon information and belief, the government had never identified Fernandez-Roque as a caller in any intercepted call prior to his arrest.

Consequently, Fernandez-Roque intends to raise a "mere presence" defense at trial. Regarding the legality of his arrest, "Of course, probable cause must exist with respect to each person arrested, and 'a persons mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." *United States v. Martinez-Molina*, 64 F.3d 719, 726 (1st. Cir. 1995) *citing Ybarra v. Illinois*, 444 U.S. 85, 91 (1979). Accordingly, if the facts gleaned at a hearing indicate that Fernandez-Roque's presence did not rise to the level of probable cause, any fruits of his arrest, including his alleged statements, should be suppressed.

## <u>Conclusion</u>

For the foregoing reasons, Fernandez-Roque respectfully requests this Court grant his <u>Motion To Suppress</u>.

---

[3] The CDs provided by the government contain hundreds, if not thousands of wiretap recorded phone calls. In addition, in correspondence dated November 1, 2007, the government informed the defendants in this case that "the government is in possession of copies of over 90,000 intercepts" from related investigations in San Diego, California.

Respectfully submitted,

RAFAEL FERNANDEZ-ROQUE
By his attorney

/S/ Andrew Berg
ANDREW BERG Bar No. 4754
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-0113
(401) 274-0175

**CERTIFICATION OF SERVICE**

I hereby certify that on this 18th day of December, 2007, that I caused a true copy of this Motion to be filed, via electronic case filing, to the following counsel of record:

Assistant U.S. Attorney Mary Rogers
Office of the United States Attorney
50 Kennedy Plaza, Fleet Center
8th Floor
Providence, RI 02903

/s/ Andrew Berg
ANDREW BERG