# EXHIBIT A

# DEFENDANT FERNANDEZ –ROQUE'S REQUESTED VOIR DIRE INQUIRIES

## General Questions

1. Have you ever served in the United States military: If so:
   (a) what branch?
   (b) when?
   (c) rank?
   (d) have you served on any military hearings?

2. Do you, or do any members of your family or friends know Judge Smith, the presiding judge in this case?

3. Do you, or any members of your family or friends know Ms. Mary Rogers, the Assistant United States Attorney who will be prosecuting this case?

4. Do you, or do any members of your family or friends know the defense attorneys?

5. Do you know or recognize any other prospective jury panelists in the courtroom? If so, what is the basis of the relationship? Would such relationship or acquaintance influence your judgment in this case?

6. Have you ever applied for a job with or worked for a law enforcement agency, or in the security field?

7. Do you have any relatives or close friends who have applied with or work for:
   (a) law enforcement;
   (b) a state prosecutors' office, like the Attorney General's office;
   (c) the United States Attorney's office;
   (d) any other quasi-law enforcement agency, such as a private security firm?

8. Have you ever sat as a juror in a criminal or civil case? If so:
   (a) when?
   (b) what type of case?
   (c) did you reach a verdict?

   If you served on a civil jury, do you understand the difference between the standard of proof in a civil case of a preponderance of evidence, and the burden necessary at a criminal trial of proof beyond a reasonable doubt?

9. Have you ever served on a federal or state grand jury? If so:
   (a) when?

(b) where?

Do you understand the difference between the standard of proof in a grand jury of probable cause, and the burden necessary at trial of proof beyond a reasonable doubt?

10. Have you, any family members, or close personal friends been a victim of a crime, a witness to a crime or a witness in a criminal case? If so, please explain.

11. Have any of you, any members of your immediate family, or close personal friends ever been a party to or testified in a civil trial or before a grand jury?

**Legal Principles**

1. Do you understand that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not evidence and certainly not proof and that no unfavorable inference may be drawn against a person merely because he or she is charged with a crime?

2. Do you understand that you must afford Mr. Fernandez-Roque a presumption of innocence without any mental reservations whatsoever, and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

3. The proof in a criminal case to establish the guilt of any person must be beyond a reasonable doubt. The burden of proof beyond a reasonable doubt rests with the government. Do you understand that the government has to prove each and every element of an offense beyond a reasonable doubt?

Conversely, Mr. Fernandez-Roque is not required to explain his or her side of the case since the burden of proof rests with the government. Do you understand and accept that Mr. Fernandez-Roque does not carry any burden, does not need to present any witnesses or evidence on his own behalf, and can rely solely on his strong presumption of innocence without more?

4. During this trial, most of the government's witnesses will be police officers or other law enforcement agents. We are taught from a very young age to always respect and obey police officers. Consequently, people naturally tend to give law enforcement agents the benefit of the doubt, and presume that they are truthful. However, during this trial, I will be instructing you to weigh the testimony of police officers and other law enforcement personnel just as you would any other witness.

Would any of you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or government witness merely because they are employees of, or are testifying on behalf of the government? Would you give their

testimony greater weight or credibility over that of Mr. Fernandez-Roque (if he does testify) or witnesses on his behalf?

5. If, after you have heard the evidence, you weren't convinced but you thought the evidence showed the Mr. Fernandez-Roque may possibly be guilty – would you nevertheless be able to return a verdict of not guilty in this case?

6. Do you realize that you are the sole and exclusive judges of the facts and are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

7. Would any of you change your verdict if a majority of the other jurors believed that Mr. Fernandez-Roque was guilty, and you were either alone, or in the minority believing there was a reasonable doubt?

8. Would the fact that you were in the minority affect your vote at all?

## Questions Particular To The Instant Case

1. If you have not noticed already, Mr. Fernandez-Roque requires the services of a Spanish-speaking court interpreter. This is because Mr. Fernandez-Roque is Mexican, and he only speaks Spanish. Would the fact that Mr. Fernandez-Roque is not a citizen of this country, and requires an interpreter affect your deliberations in any manner. Do you understand the Mr. Fernandez-Roque is entitled to all the presumptions and constitutional protections as an American citizen? Is there any person on this panel that may be even the slightest bit influenced by Mr. Fernandez-Roque's alienage?

2. Mr. Berg has indicated to the Court that it is likely that Mr. Fernandez-Roque will not be testifying during this trial. One of the bedrock principles of the Bill of Rights to the Constitution of the United States is that an accused does not have to take the stand at trial. There are a number of important reasons behind this right. Nevertheless, this "right to remain silent" is naturally counter-intuitive to many people. Most people want to hear both sides of a story before making up their mind.

However, at the conclusion of this trial, I will be instructing the selected jury that it cannot make **any** negative inference of guilt against Mr. Fernandez-Roque from the fact that he may choose not to testify. In light of the natural inclination of wanting to hear both sides of the story, is there any person on the panel that may have some difficulty in accepting this instruction?

3. The indictment in this case contains allegations related to the trafficking of illegal drugs. Is there any person on this panel that has had an experience, whether personally, or involving a family member or friend, that would affect your ability to fairly weigh the evidence in this case in light of the nature of the charges?

10. Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.