UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. C.R. No. 07-100-3 S

RAFAEL FERNANDEZ-ROQUE

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, defendant, Mr. Fernandez-Roque, requests the Court include the following instructions in its charge to the jury. Defendant reserves the right to supplement or amend these requests.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

PRESUMPTION OF INNOCENCE

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone is sufficient to acquit the defendant unless the jurors are convinced beyond a reasonable doubt of his guilt after a careful and impartial consideration of all the evidence in the case. Taylor v. Kentucky, 436 U.S. 478, 479 n.5 (1978). The defendant before you, Mr. Fernandez-Roque, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to the

defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Fernandez-Roque has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him. Never does Mr. Fernandez-Roque have the burden to prove his innocence.

On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of defendant's guilt of a particular crime, you should vote to convict him. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, you are duty bound to acquit him of that crime.

*See* Pattern Criminal Jury Instructions for District Courts, 3.02; Vol. 1A, K. O'Malley, J. Grenig & W. Lee, Federal Jury Practice and Instructions, Sec. 12.10 (5th ed. 2000); Taylor v. Kentucky, 436 U.S. 478, 479 n.5 (1978).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

PROOF BEYOND A REASONABLE DOUBT

The burden is upon the Government to prove beyond a reasonable doubt that Mr. Fernandez-Roque is guilty of the charge made against him. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. Proof beyond a reasonable doubt is the highest standard of proof known to the law. It requires that the evidence exclude any reasonable doubt concerning the defendant's guilt. It means that you – the jurors– may not convict Mr. Fernandez-Roque unless and until you have reached a subjective state of near certitude that he is guilty.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 2787 (1979); Sandoval v. Kentucky, 114 S.Ct. 1239, 1246 (1994); United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

### DEFENDANT DOES NOT TESTIFY

Mr. Fernandez-Roque did not testify at this trial. A defendant has an absolute right not to testify, since the entire burden of proof in this case is on the government to prove that the defendant is guilty. No inference of guilt, or anything else, may be drawn from the fact that Mr. Fernandez-Roque did not testify. It is not up to the defendant to prove that he is innocent.

Under our system of law, a defendant has a perfect right to say to the government, "You have the burden of proving your case against me beyond a reasonable doubt. I do not have to say a word."

The fact that Mr. Fernandez-Roque did not testify has nothing to do with the question of whether he is guilty or not guilty. So you are not to consider it in any way, or even discuss it in your deliberations. You must determine whether the government has proved its case against the defendant based solely on the testimony of the witnesses who did testify and the exhibits that were introduced.

Carter v. Kentucky, 450 U.S. 288, 299-303 (1981); Bruno v. United States, 303 U.S. 287, 293-94. See also United States v. Ladd, 877 F.2d 1083, 1089 (1st Cir. 1989).

**<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4</u>**

LAW ENFORCEMENT WITNESSES

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, at ¶7.01 (Instruction No. 7-16).

**<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6</u>**

MERE PRESENCE – CONSPIRACY

Mere presence at the scene of a crime or mere association with the co-conspirators will not themselves support a conspiracy conviction. Mere presence at the scene of the crime and knowledge that a crime is being committed are also not sufficient to establish a defendant's guilt.

<u>Seventh Circuit Court of Appeals Pattern Jury Instructions</u>, No. 3.04.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6**

CONSPIRACY

*Defendant requests this Court charge the jury regarding the law of conspiracy utilizing the Pattern Criminal Jury Instructions For The District Courts of the First Circuit, No. 4.03*. Attached hereto as Exhibit 1.

Respectfully submitted,

RAFAEL FERNANDEZ-ROQUE
By his attorney

/S/ Andrew Berg
ANDREW BERG Bar No. 4754
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-0113
(401) 274-0175

**CERTIFICATION OF SERVICE**

I hereby certify that on this 27th day of March 2008, that I caused a true copy of this Request For Jury Instructions to be filed, via electronic case filing, to the following counsel of record:

Assistant U.S. Attorney Mary Rogers
Office of the United States Attorney
50 Kennedy Plaza, Fleet Center
8th Floor
Providence, RI 02903

/s/ Andrew Berg
ANDREW BERG