**4.03 Conspiracy, 18 U.S.C. § 371; 21 U.S.C. § 846**

[Defendant] is accused of conspiring to commit a federal crime—specifically, the crime of [insert crime]. It is against federal law to conspire with someone to commit this crime.

For you to find [defendant] guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to [substantive crime]; and
>
> Second, that [defendant] willfully joined in that agreement; [and
>
> Third, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that [defendant] willfully joined in the agreement must be based upon evidence of his/her own words and/or actions. You need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he/she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he/she knew the essential features and general aims of the venture. Even if [defendant] was not part of the agreement at the very start, he/she can be found guilty of conspiracy if the government proves that he/she willfully joined the agreement later. On the other hand,

a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

[An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that [defendant] personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.]

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime [and the commission of one overt act].

## Comment

(1) This charge is based largely upon United States v. Rivera-Santiago, 872 F.2d 1073, 1078-80 (1st Cir.), cert. denied, 492 U.S. 910 (1989), as modified by United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 1118 (1995). See also United States v. Boylan, 898 F.2d 230, 241-43 (1st Cir.), cert. denied, 498 U.S. 849 (1990); Blumenthal v. United States, 332 U.S. 539, 557 (1947).

(2) The third element (overt act) is not required in a drug conspiracy under 21 U.S.C. § 846. See United States v. Shabani, ___ U.S. ___, 115 S. Ct. 382, 383 (1994). For discussion of overt acts see United States v. Flaherty, 668 F.2d 566, 580 n.4 (1st Cir. 1981).

(3) The Government does not have to prove that the defendant intended to commit the underlying offense himself/herself. See Piper, 35 F.3d at 614-15. There must be proof, however, that a second conspirator with criminal intent existed. See United States v. Alzanki, 54 F.3d 994, 1003 (1st Cir. 1995), cert. denied, 116 S. Ct. 909 (1996).

(4) "Whether there is a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a factual matter for the jury to determine." United States v. Mena-Robles, 4 F.3d 1026, 1033 (1st Cir. 1993), cert. denied, 511 U.S. 1035 (1994). A multiple conspiracy instruction should be provided if "'on the evidence adduced at trial, a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged.'" United States v. Brandon, 17 F.3d 409, 449 (1st Cir.) (quoting Boylan, 898 F.2d at 243), cert. denied, 513 U.S. 820 (1994).

(5) The definition of "willfully" comes from United States v. Monteiro, 871 F.2d 204, 208-09 (1st Cir.), cert. denied, 493 U.S. 833 (1989). For alternate definitions

see United States v. Porter, 764 F.2d 1, 17 (1st Cir. 1985), cert. denied, 481 U.S. 1048 (1987), and United States v. Drape, 668 F.2d 22, 26 (1st Cir. 1992). Specific intent is preferred. See United States v. Yefsky, 994 F.2d 885, 899 (1st Cir. 1993).

(6) Impossibility is not a defense. See United States v. Giry, 818 F.2d 120, 126 (1st Cir.), cert. denied, 484 U.S. 855 (1987).

(7) A conspiracy to defraud the IRS may present unique problems of "purpose" or "knowledge." United States v. Goldberg, 105 F.3d 770, 774 (1st Cir. 1997).

(8) Note that some substantive offenses contain their own conspiracy prohibitions. See, e.g., 18 U.S.C. § 1201(c) (kidnapping) (overt act required); 18 U.S.C. § 1951(a) (Hobbs Act) (no overt act required).

(9) Withdrawal is not an affirmative defense if the conspiratorial agreement has already been made. See United States v. Rogers, 102 F.3d 641, 644 (1st Cir. 1996).