IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 07-100-03S |
| | ) | |
| RAFAEL FERNANDEZ-ROQUE, | ) | |
| a/k/a Rafael Hernandez-Roque, and | ) | |
| ADOLFO VERDUGO | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION TO SEVER

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Mary Rogers, Assistant United States Attorney, and objects to the Defendant's Motion to Sever, for the reasons set forth in the accompanying Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 1st day of April 2008, I caused the Government's Objection to the Defendant's Motion to Sever and Memorandum in Support of said Objection to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Andrew Berg, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 07-100-03S |
| | ) | |
| RAFAEL FERNANDEZ-ROQUE, | ) | |
| a/k/a Rafael Hernandez-Roque, and | ) | |
| ADOLFO VERDUGO | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO SEVER

Comes now the United States Of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Mary Rogers, Assistant U. S. Attorney, and objects to the Defendant's Motion To Sever as follows.

Rafael Fernandez-Roque seeks to sever his case from that of co-defendant Adolfo Verdugo. Roque argues that Verdugo *may* elect to represent himself, and that if Verdugo does not, Roque then speculates that it is likely that there *might* be "tension" between co-defendant Verdugo and his attorneys. Roque goes on to further speculate that Roque may suffer prejudice through a joint trial with Verdugo.

Federal Rule of Criminal Procedure 8(b) applies whenever more than one Defendant is named in an indictment. The propriety of joinder under Rule 8(b) is judged from the face of the indictment, accepting all allegations as true. United States v. Merida, 765 F.2d 1205 (5th Cir. 1985).

Where joinder under Rule 8(b) is proper, a motion for severance made pursuant to F.R.Crim.P. 14 is addressed to the sound discretion of the trial court. United States v. McLaughlin, 957 F.2d 12, 18 (1st Cir. 1992); United States v. Smolar, 557 F.2d 13, 21 (1st Cir. 1977).

The general rule is that persons who are indicted together should be tried together. United States v. Pierro, 32 F.3d 611, 615 (1st Cir. 1994). A severance is warranted only upon a strong showing of prejudice. United States v. McLaughlin, 957 F.2d at 18; United States v. Cox, 752 F.2d 741, 746 (1st Cir. 1985). The prejudice must be greater than that which necessarily inheres whenever multiple Defendants or multiple charges are tried jointly. United States v. Walker, 706 F.2d 28, 30 (1st Cir. 1983); United States v. Greenleaf, 692 F.2d 182, 187 (1st Cir. 1982). Incidental spillover prejudice, which is almost inevitable in a multiple-defendant trial, does not suffice to mandate a severance. United States v. Yefsky, 994 F.2d 885, 896 (1st Cir. 1993). A severance is appropriate only if there is a serious risk that a joint trial would compromise a specific trial right of one of the Defendants or prevent the jury from making a reliable judgment about guilt or innocence. United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993).

Speculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a severance motion. United States v. Porter, 764 F.2d 1, 13 (1st Cir. 1985); United States v. Bautista, 731 F.2d 97, 100 (1st Cir. 1984).

In a joint trial, a Defendant's right to a fair trial is preserved through the use of limiting instructions to the jury as to the jury's duty to give separate consideration to each Defendant based on evidence relating only to that Defendant. United States v. Yefsky, 994 F.2d at 896;

United States v. Cox, 752 F.2d at 746; In United States v. Lochan, 674 F.2d 960, 969 (1st Cir. 1982), the Court stated:

> Counsel is ill advised to forego pursuit of an easy remedy, such as a limiting instruction, in the hope that we will find failure to provide a more drastic remedy, such as severance, reversible error.

The fact that evidence may be admissible against one Defendant but not against another Defendant does not require separate trials. United States v. Lyles, 593 F.2d 182, 190-91 (2d Cir. 1979).

Allegations by a Defendant that his alleged criminal involvement was far less than that of his co-defendant and that he would be prejudiced by the vast amounts of testimony pertinent to his co-defendant but not to himself are insufficient, separately or in combination, to render a denial of a motion to sever an abuse of discretion. United States v. Pierro, 32 F.3d at 615; United States v. Smolar, 557 F.2d at 21.

The assertion of mutually antagonistic defenses does not, per se, require a severance. Zafiro v. United States, 506 U.S. 534, 538, 113 S.Ct. 933, 938 (1993). Antagonism of defenses requires a severance only where the defenses are so inconsistent that the jury would have to believe one Defendant at the expense of another. The conflict alone establishes the guilt of the Defendant. United States v. Yefsky, 994 F.2d at 897; United States v. Drougas, 748 F.2d 8, 20 (1st Cir. 1984); United States v. Bautista, 731 F.2d at 100. Finger pointing and "tattling" do not justify a severance. United States v. Arruda, 715 F.2d 671, 679 (1st Cir. 1983); United States v. Fusaro, 708 F.2d 17, 25 (1st Cir. 1983). The fact that a co-defendant's defense was allegedly so antagonistic to the Defendant's that once the Defendant knew that his co-defendant would take the stand the Defendant had to testify also, did not entitle the Defendant to a severance because

of his Fifth Amendment right not to be compelled to incriminate himself. United States v. Porter, 764 F.2d at 13-14.

The possibility that the credibility of a witness is strengthened because the corroborative evidence against one or more of the Defendants is particularly strong is not enough, without more, to justify severance. United States v. Lyles, 593 F.2d 190-91.

A Defendant is not entitled to a severance merely because it would improve his chances of an acquittal. United States v. Innamorati, 996 F.2d 456, 469 (1st Cir. 1993).

Roque's speculation that Verdugo may elect a pro se defense is just that; speculation. Unless and until that occurs, it is not before the Court to consider as grounds for a severance. Additionally, Roque has cited no case law to support his request. However, in the event that Verdugo were to elect to proceed pro se, that, without more, still does not rise to the level of creating a basis to sever the trial of the co-defendants. The First Circuit, in addition to several others, has held that "[a] co-defendant's pro se representation is not, without more, grounds for severance." United States v. DeMasi, 40 F.3d 1306, 1313 (1st Cir. 1994). See also, United States v. Tracy, 12 F.3d 1186, 1194 (2nd Cir. 1993); United States v. Oglesby, 764 F.2d 1273, 1276 (7th Cir. 1985). The Court should take several steps to prevent the possibility of prejudice from ripening into a reality. These include: (1) the appointment of standby counsel; (2) warning the pro se Defendant that he will be held to the same rules of law and evidence as would an attorney; (3) admonishing the pro se Defendant that he should refrain from speaking in the first person in his comments on the evidence; (4) instructing the jury at various times that nothing said by the lawyers or by the pro se defendant in his "lawyer" role is evidence in the case; and (5) instructing the pro se Defendant that he should both avoid reference to co-defendants in opening statement

or summation without prior approval of the Court and refrain from commenting on matters not in evidence or solely within his personal knowledge or belief. United States v. Knowles, 66 F.3d 1146, 1160 (11th Cir. 1995); United States v. Oglesby, 764 F.2d at 1276; United States v. Veteto, 701 F.2d 136, 138-39 (11th Cir. 1983); United States v. Sacco, 563 F.2d 552, 556 (2nd Cir. 1977).

Roque has not advanced any basis in his memorandum beyond what amounts to additional speculation that Verdugo will create a "circus-like atmosphere." Nothing in Verdugo's demeanor before the Court in the numerous appearances he has had to date indicates that Verdugo would act inappropriately during the trial.

For the same reasons, Roque's speculation that there will likely be "tension" at counsel table if Verdugo proceeds to trial with his current counsel is not grounds to grant a severance. As stated above, there has been nothing in Verdugo's demeanor in any of his Court appearances that would indicate Verdugo would act inappropriately during trial. "Tension" is to be expected from Defendants during any trial, as there is a great deal at stake for any Defendant faced with the possibility of a criminal conviction.

CONCLUSION

Based upon the foregoing, Roque's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 1st day of April 2008, I caused the Government's Objection to the Defendant's Motion to Sever and Memorandum in Support of said Objection to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Andrew Berg, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov