UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. C.R. No. 07-100-3 S

RAFAEL FERNANDEZ-ROQUE

**MEMORANUDM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant, Rafael Fernandez-Roque has filed a motion for judgment of acquittal pursuant to Rules of Criminal Procedure 29. For the following reasons, Fernandez-Roque respectfully requests this Court grant his Motion.

**Standard**

In considering a Rule 29 motion for judgment of acquittal, this Court must, "[V]iew the evidence and draw all inferences in the light most favorable to the prosecution. *See United States v. Baldyga*, 233 F.3d 674, 678 (1st Cir. 2000). 'The evidence is legally sufficient so long as, taken as a whole, it warrants a judgment of conviction.' *Id.* [The Court] examine[s] both direct and circumstantial evidence in making this evaluation. *Id.'"* *United States v. Benjamin,* 252 F.3d 1, 5 (1st Cir. 2001).

**Argument**

In support of this Motion, Fernandez-Roque asserts that the government failed to establish an uninterrupted chain of custody as it pertains to the 29 kilograms of cocaine introduced at trial.

At trial Massachusetts State Police Trooper Robert Cerra testified[1] that he transported 29 Kilograms of cocaine from the Charlton Barracks to the State Police's Narcotics Investigation Unit offices ("NIU"). However, Trooper Cerra did not testify regarding who turned over possession of the alleged cocaine to him prior to transporting it to the NIU. He also testified that there were no distinguishing marks on the kilograms, and he did not place any identifying marks on the same.

In *United States v. Browne*, 891 F.2d 389, 392 (1st Cir. 1989), the Court held in addressing a chain of custody issue, "[I]n order to decide whether to admit the exhibits as evidence, the trial court must determine whether there is a reasonable probability that the evidence has not been altered in any material respect since the time of the crime." *citing United States v. Franchi-Forlando*, 838 F.2d 585, 588 (1st Cir. 1988). Although the *Browne* Court affirmed the admission of narcotics evidence, the facts in that case demonstrated that the seizing officer placed "identification markings" on the drugs before turning over custody to another officer. *Id.*

In the instant case, there is a gap in the chain of custody between the initial seizure of the duffel bag by Agent Barron, and Trooper Cerra. Agent Barron testified that he turned the bag over to agent Tully and the Massachusetts State Police. However, he never identifies the person to which he gave the alleged cocaine. Accordingly, in light of this break in the chain of custody, there is insufficient evidence that the evidence was not altered in a material respect.

---

[1] At this time, undersigned Counsel does not have trial transcripts. Consequently, the factual averments contained in this Memorandum are based on Counsel's notes and best recollection.

**Conclusion**

For the foregoing reason, Fernandez-Roque respectfully requests this Court grant his Rule 29 motion.

Respectfully submitted,

RAFAEL FERNANDEZ-ROQUE
By his attorney

/S/ Andrew Berg
ANDREW BERG Bar No. 4754
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-0113
(401) 274-0175

**CERTIFICATION OF SERVICE**

I hereby certify that on this 18th day of April, 2008, that I caused a true copy of this Memorandum to be filed, via electronic case filing, to the following counsel of record:

Assistant U.S. Attorney Mary Rogers
Office of the United States Attorney
50 Kennedy Plaza, Fleet Center
8th Floor
Providence, RI 02903

/s/ Andrew Berg
ANDREW BERG