IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 07-100S |
| | ) | |
| RAFAEL FERNANDEZ-ROQUE, | ) | |
| a/k/a Rafael Hernandez-Roque, and | ) | |
| ADOLFO VERDUGO | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR NEW TRIAL

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorney, and hereby objects to the Defendant's Motion for New Trial on the grounds set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION

I hereby certify that on the 21st day of April 2008, I caused a copy of the Government's Objection To Defendant's Motion for New Trial to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Andrew Berg, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 07-100S |
| | ) | |
| RAFAEL FERNANDEZ-ROQUE | ) | |

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR NEW TRIAL

Defendant has moved, pursuant to Rule 33, Federal Rules of Criminal Procedure, for a new trial. The Defendant has failed to set forth any valid grounds for the granting of a motion for new trial. The government presented sufficient facts upon which the jury could reasonably base its verdict of guilty and the Defendant's motion should be denied.

ARGUMENT

A motion for a new trial is directed to the sound discretion of the trial court. The court weighs the evidence, assesses the credibility of the witnesses, and draws reasonable inferences of fact from the evidence. United States v. Rothrock, 806 F.2d 318, 321 (lst Cir. 1986); United States v. Morris, 700 F.2d 427, 432 n. 8 (1st Cir.), *cert. denied*, 461 U.S. 947 (1983); United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980); United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). The remedy of a new trial should be used sparingly, and only where there would be a miscarriage of justice if the verdict were to stand, Indelicato, 611 F.2d at 387, or where the evidence preponderates heavily against the verdict. United States v. Leach, 427 F.2d 1107, 1111 (1st Cir.), *cert. denied*, 400 U.S. 829 (1970). The trial judge does not sit as a thirteenth juror and should not set aside a verdict solely on the ground that the Court would have reached a different result. Rothrock, 806 F.2d at 322. The burden of proof justifying a new trial is on the Defendant.

The Defendant's bald assertion, that the evidence does not support the jury's verdict of guilty, does not support the granting of a new trial.

The Government Presented Credible Evidence Establishing a Nexus Between the Cocaine Seized and the Defendant.

The Defendant's claim that he was merely present and that the evidence did not support the jury's conclusion that Fernandez-Roque was an active participant in the conspiracy, ignores the fact that both direct and circumstantial evidence may be used and also that reasonable inferences may be drawn from the evidence presented. The government presented evidence showing that

a) the Defendant spoke with the leader of the conspiracy, Juan Carlos a/k/a Omar Altamarino-Nunez, and that the conversations support the inference that Fernandez-Roque knowingly agreed and conspired to assist others in obtaining cocaine;

b) the Defendant accompanied two associates who left Providence to travel to Springfield, Massachusetts, at a late hour, after the Defendant pointed out to his associate that the Defendant was scheduled to be at work in Newport the following morning by 10 a.m.;

c) the Defendant traveled with one associated, while another co-conspirator drove a separate vehicle;

d) the logical inference may be drawn that drug dealers would not bring along an innocent individual on a drug deal conservatively valued at over half a million dollars;

e) the Defendant checked into a motel at 1 in the morning, stayed only an hour and a half, then drove off at approximately 2:30 a.m. with his two associates, in two different vehicles, traveling a circuitous route for approximately one hour prior to the drugs being picked up;

f) the circuitous route of travel coincided with cellular conversations between the associates and the drug supplier, Adolfo Verdugo, who had transported the drugs

in his tractor trailer truck from California;

g) a telephone call made by the Defendant was intercepted immediately after the 29 kilograms of cocaine were picked up from co-defendant Verdugo. The Defendant called Juan Carlos and informed him, “I’m ready.” The Defendant initiated the telephone call to a co-conspirator. The Defendant used cryptic language, interpreted by Task Force Agent Michael Naylor as code meaning that the cocaine had been transferred;

h) the 29 kilograms of cocaine were located directly behind the defendant in the vehicle.

The above establishes a sufficient nexus between the seized cocaine and the Defendant. The evidence was clearly probative and the jury was entitled to draw reasonable inferences from it.

## CONCLUSION

For the foregoing reasons, Defendant's motion for a new trial should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys

ROBERT CLARK CORRENTE
United States Attorney

MARY ROGERS
/s/ MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION

I hereby certify that on the 21st day of April 2008, I caused a copy of the Government's Memorandum in Support of the Government's Objection To Defendant's Motion for New Trial to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Andrew Berg, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

MARY ROGERS
/s/ MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov