IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 07-100S |
| | ) | |
| RAFAEL FERNANDEZ-ROQUE, | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorney, and hereby objects to the Defendant's Motion for Judgment of Acquittal on the grounds set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 22nd day of April 2008, I caused the Government's Objection to the Defendant's Motion for Judgment of Acquittal to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Andrew Berg, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) Cr. No. 07-100S
)
RAFAEL FERNANDEZ-ROQUE, )

MEMORANDUM IN SUPPORT OF GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Defendant has moved, pursuant to Rule 29, Federal Rules of Criminal Procedure, for a judgment of acquittal. The government presented sufficient facts upon which the jury could reasonably base its verdicts of guilty and the defendant's motion should be denied.

ARGUMENT

In assessing the sufficiency of the evidence under Rule 29, the court views "the evidence and draw[s] reasonable inferences in the light most favorable to the verdict." United States v. Diaz, 300 F.3d 66, 77 (1st Cir. 2002); United States v. McGauley, 279 F.3d 62, 66 (1st Cir. 2002); United States v. Benjamin, 252 F.3d 1, 5 (1st Cir.2001). The evidence is legally sufficient if, taken as a whole, it warrants a judgment of conviction. Diaz, 300 F.3d at 77; Benjamin, 252 F.3d at 5. Under Rule 29, the court must examine "all the evidence submitted to the jury, regardless of whether it was properly admitted." Diaz, 300 F.3d at 77; United States v. Gonzalez-Sanchez, 825 F.2d 572, 588 (1st Cir.1987). "A trial court in passing on [a Rule 29] motion considers all of the evidence it has admitted . . ." Lockhart v. Nelson, 488 U.S. 33, 41-42, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). While in an evidentiary ruling the court can make credibility assessments and draw inferences from the facts, it must take the evidence in the light most favorable to the government in ruling on a motion for a judgment of acquittal. United States v. Freeman, 208 F. 332, 343 (1st Cir. 2000); Fed.Rules Cr.Proc.Rule 29(a). In a motion for judgment of acquittal it is not the role of the court, to assess the credibility of the witnesses. Fed.R.Cr.P. Rule 29; United States v. Torres Lopez, 851 F.2d 520, 527 (1st Cir.1988), cert. denied, 489 U.S. 1021, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989). United States v. Medina-Garcia, 918 F.2d 4, 6 - 7 (1st Cir. 1990).

"If the evidence presented, taken in the light most flattering to the prosecution, together with all reasonable inferences favorable to it, permits a rational jury to find each essential element of the crime charged beyond a reasonable doubt, then the evidence is legally sufficient." United States v. Olbres, 61 F.3d 967, 974 (1st Cir. 1995), citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); United States v. Gifford, 17 F.3d 462, 467 (1st Cir.1994); United States v. Castro-Lara, 970 F.2d 976, 979 (1st Cir.1992), cert. denied, 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993). In evaluating sufficiency, both direct and circumstantial evidence are accorded weight. See, e.g., United States v. O'Brien, 14 F.3d 703, 706 (1st Cir.1994). So long as the evidence, taken as a whole, warrants a judgment of conviction, "it need not rule out other hypotheses more congenial to a finding of innocence." Gifford, 17 F.3d at 467. "When . . . a criminal defendant mounts a sufficiency challenge, all the evidence, direct and circumstantial, is to be viewed from the government's coign of vantage. Thus, the trial judge must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt." United States v. Olbres, 61 F.3d 967, 974 (1st Cir. 1995). Citing, United States v. Taylor, 54 F.3d 967, 974 (1st Cir.1995); United States v. Rothrock, 806 F.2d 318, 320 (1st Cir.1986). The court must take the evidence in the light most favorable to the government. United States v. Rivera-Santiago, 872 F.2d 1073, 1078 (1st Cir.1989). The court must determine whether, taking all the facts and reasonable inferences there from, a rational jury could have found the defendant guilty beyond a reasonable doubt. Id. at 1078-1079. See also United States v. Paone, 758 F.2d 774, 775 (1st Cir.1985). United States v. Lema, 909 F.2d 561 (1st Cir. 1990). All credibility disputes are to be resolved in the verdict's favor, and this "court 'need not believe that no verdict other than a guilty verdict could sensibly be reached, but must only satisfy itself that the guilty verdict finds support in a plausible rendition of the record.' " United States v. Hatch, 434 F.3d 1, 3 (1st Cir. 2006) (quoting United States v. Gomez, 255 F.3d 31, 35 (1st Cir.2001)).

The government presented evidence as to each of the elements necessary to prove Count One of the Indictment, which charged conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine. The government's presentation of evidence included intercepted conversations occurring between May 26, 2007 and May 30, 2007, between the co-conspirators. In these conversations the men spoke in cryptic, stilted language, which language Drug Enforcement Administration (DEA) Task Force Agent (TFA) Michael Naylor explained, involved coded drug conversation. TFA Naylor explained what the code meant. As noted in the government's memorandum in support of its objection to the Defendant's motion for a new trial, the government presented evidence showing that

a) the Defendant spoke with the leader of the conspiracy, Juan Carlos a/k/a Omar Altamarino-Nunez, and that the conversations support the inference that Fernandez-Roque knowingly agreed and conspired to assist others in obtaining cocaine;

b) the Defendant accompanied two associates who left Providence to travel to Springfield, Massachusetts, at a late hour, after the Defendant pointed out to his associate that the Defendant was scheduled to be at work in Newport the following morning by 10 a.m.;

c) the Defendant traveled with one associated, while another co-conspirator drove a separate vehicle;

d) the logical inference may be drawn that drug dealers would not bring along an innocent individual on a drug deal conservatively valued at over half a million dollars;

e) the Defendant checked into a motel at 1 in the morning, stayed only an hour and a half, then drove off at approximately 2:30 a.m. with his two associates, in two different vehicles, traveling a circuitous route for approximately one hour prior to the drugs being picked up;

f) the circuitous route of travel coincided with cellular conversations between the associates and the drug supplier, Adolfo Verdugo, who had transported the drugs in his tractor trailer truck from California;

g) a telephone call made by the Defendant was intercepted immediately after the 29 kilograms of cocaine were picked up from co-defendant Verdugo. The Defendant called Juan Carlos and informed him, "I'm ready." The Defendant initiated the telephone call to a co-conspirator. The Defendant used cryptic language, interpreted by Task Force Agent Michael Naylor as code meaning that the cocaine had been transferred;

h) the 29 kilograms of cocaine were located directly behind the defendant in the vehicle.

The evidence also showed that just over 29 kilograms of cocaine were seized on May 30, 2007, in Springfield, Massachusetts. The evidence set forth, taken in the light most favorable to the government, is sufficient to support the jury's verdict of guilty on Count One. Based upon the facts produced at trial, the Defendant has failed to present a basis for the granting of his motion for judgment of acquittal.

CONCLUSION

For all of the foregoing reasons, Defendant's motion for judgment of acquittal should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 22nd day of April 2008, I caused the Government's Memorandum in Support of said Objection to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Andrew Berg, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov