UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. C.R. No. 07-100-3 S

RAFAEL FERNANDEZ-ROQUE

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO VACATE GUILTY VERDICT**

Defendant, Rafael Fernandez-Roque ("Fernandez-Roque") has filed a Motion To Vacate Guilty Verdict in the above-entitled case. For the foregoing reasons, Fernandez-Roque requests this Court grant this Motion.

**Background**

On or about December 18, 2007, Fernandez-Roque filed a Motion To Suppress certain statements he allegedly made during a custodial interrogation at a Massachusetts State Police barracks on May 30, 2007 ("the Suppression Motion"). On several dates spanning January 14 to February 13, 2008, the Court held an evidentiary hearing for the Suppression Motion. On the final day of the hearing, the Court directed the parties to submit additional memoranda addressing issues raised during the hearing. Fernandez-Roque filed his Supplemental Memorandum on February 18, 2008.

On the eve of trial, the Court denied the Suppression Motion, and indicated that a written decision would be issued at a later date. A jury found fernandez-Roque guilty on April 11, 2008. Sentencing is scheduled for August 29, 2008.

On May 20, 2008 this Court issued an Order reversing the denial, and granting the

Suppression Motion. The Court further directed Fernandez-Roque to submit a motion addressing "whether the absence of the evidence which should have been suppressed would have made any difference in the conviction of Defendant at trial." Order, 5/20/08, at 12.

**Argument**

**I. STANDARD.**

This Court's Order presents an atypical circumstance in which a trial judge, post-verdict, has determined that he has committed an error, and invited a motion to consider the impact of the incorrect ruling. Fernandez-Roque is unaware of, and unable to find through research, a similar scenario from any jurisdiction. In point of fact, Fernandez-Roque is not certain whether his Motion To Vacate is a proper procedural vehicle to consider this issue.[1]

In the absence of clear guidance, Fernandez-Roque submits that this Court should apply the same standard of review utilized by the Court of Appeals in considering errors with Constitutional implications. The First Circuit has held, "Statements induced in violation of Miranda's safeguards are appropriate for analysis under the 'harmless beyond a reasonable doubt' test." *United States v. Batista-Polanco*, 927 F.2d 14, 21 (1st Cir. 1991) *citing United States v. Kelvig*, 534 F.2d 411, 415 (1st Cir. 1976), *Young v. Rees*, 707 F.2d 935, 935-36 (6th Cir. 1983). "In order to determine harmless error 'a

[1] Just as an appellate court will validate a correct result even if premised on improper procedure or reasoning, *see e.g. United States v. Dubon-Otero*, 292 F.3d 1, 16 fn. 22 (1st Cir. 2002), if this Motion To Vacate is the incorrect procedural vehicle to consider his arguments, Fernandez-Roque requests this Court consider the issue presented, and grant the appropriate relief.

reviewing court must assess the record as a whole to determine the impact of the improper evidence upon the jury . . . The prejudicial effect of the improper evidence must be weighed against the weight of the properly admitted evidence.'" *Lacy v. Gardino*, 791 F.2d 980, 986 (1st Cir. 1986) *citing Morgan v. Hall*, 569 F.2d 1161, 1166 (1st Cir. 1978). "The correct inquiry is whether, assuming that the damaging potential of the . . . [excluded evidence] were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. Whether such error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was *cumulative*, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *United States v. Carpenter*, 403 F.3d 9, 11 (1st Cir. 2005) *citing Dolinger* v. *Hall*, 302 F.3d 5, 12 fn.6 (1st Cir. 2002). The government carries this heavy burden. *United States v. Coker*, 433 F.3d 39, 47 (1st Cir. 2005).

## II. THE GOVERNMENT CANNOT MEET ITS BURDEN OF PROVING THE ERRONEOUSLY ADMITTED EVIDENCE WAS HARMLESS BEYOND A REASONABLE DOUBT.

At trial, Fernandez-Roque did not contest the fact that he was in the Jeep Cherokee, with approximately twenty-nine kilograms of cocaine in a bag in the backseat.[2]

---

[2] At this time, Fernandez-Roque does not have transcripts of the trial. Accordingly, all factual representations contained in this Memorandum are based on undersigned counsel's best recollection of the evidence.

Rather, Fernandez-Roque relied on the defense of "mere presence." In order for the jury to convict Fernandez-Roque, they had to find the evidence supported more than a conclusion that Fernandez-Roque was present, and may have known that criminal activity was taking place. Rather, the jury had to conclude that Fernandez-Roque was a willing participant in the conspiracy; in other words, that he harbored the necessary criminal intent.

In this regard, the evidence indicated Fernandez-Roque's participation on the night of May 29-30, 2007 was minimal at best. Fernandez-Roque did not engage in any of the planning phone calls leading up to May 29, 2007. Fernandez-Roque did not drive on the evening in question. Further, the evidence tends to suggest that a passenger in the truck brought the bag to the Jeep Cherokee. The only direct evidence that suggested Fernandez-Roque may have actively participated in the conspiracy was a phone call from Fernandez-Roque to "Juan Carlos," soon after the alleged exchange, indicating, "I'm ready." *See* Government's Exhibit 21. Consequently, the jury was left to determine whether the ambiguous statement "I'm ready" was part of coded language in furtherance of the conspiracy, or as Fernandez-Roque argued, an indication that Fernandez-Roque was tired from being forced into an all-night ordeal, and wanted to return home to prepare for work at the restaurant later that morning.

Erroneously injected into the calculus of the jury's consideration was the evidence of Fernandez-Roque's alleged statement to Agent Ryan Arnold that he worked at Juan Carlos' garage. This testimony was damaging to Fernandez-Roque in several respects.

First and foremost, in light of the evidence that Fernandez-Roque was a cook at a Mexican restaurant, the contradictory statement made to a law enforcement agent would be construed by the jury as a lie. Such a lie to the police would naturally cause the jurors to infer a guilty conscious by Fernandez-Roque. *See e.g. United States v. Llinas*, 373 F.3d 26, 33-4, 37 (1st Cir. 2004)(false testimony leads to inference of guilt); *United States v. Arias-Montoya*, 967 F.2d 708, 712 (1st Cir. 1992)("A jury might find . . . lying to police probative of guilty knowledge"); *State v. Slater*, 939 A.2d 1105, 1122 (Conn. 2008)("[L]ies told to the police are evidence that create an inference of guilt."). Thus, because the mere presence defense has state of mind at its foundation, any evidence that suggests a guilty conscious, such as the alleged lie to Agent Arnold, would be devastating to Fernandez-Roque chances of acquittal.

Another profoundly damaging aspect of this testimony was the establishment of a master/servant relationship between Fernandez-Roque, and the "boss," Omar Altamirano-Nunez a/k/a Juan Carlos. Instead of Fernandez-Roque being viewed as a restaurant worker, who merely may have had a casual relationship with Juan Carlos, this evidence lead to the conclusion that Fernandez-Roque was one of Juan Carlos' henchman.

Consequently, although at first blush the testimony of Agent Arnold may have seemed merely a small facet of the government's case, this evidence undercut the very essence of Fernandez-Roque's defenses. In light of the critical nature of this evidence, the government cannot prove beyond a reasonable doubt that its erroneous admission into evidence was harmless.

## Conclusion

For the foregoing reasons, and others that may be presented at a hearing of this matter, Fernandez-Roque requests this honorable Court vacate the Jury's guilty verdict, and grant an immediate retrial of this matter.

Respectfully submitted,

RAFAEL FERNANDEZ-ROQUE
By his attorney

/S/ Andrew Berg
ANDREW BERG Bar No. 4754
Sammartino & Berg LLP
128 Dorrance Street
Suite 400
Providence, RI 02903
(401) 274-0113
(401) 274-0175

## CERTIFICATION OF SERVICE

I hereby certify that on this 23rd day of May 2008, I caused a true copy of this Memorandum to be filed, via electronic case filing, to the following counsel of record:

Assistant U.S. Attorney Mary Rogers
Office of the United States Attorney
50 Kennedy Plaza, Fleet Center
8th Floor
Providence, RI 02903

/s/ Andrew Berg
**ANDREW BERG**