**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 07-100-S |
| | ) | |
| RAFAEL FERNANDEZ-ROQUE | ) | |

## GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY

At yesterday's hearing the defense suggested that perhaps the alleged Miranda error is not subject to harmless error review or that perhaps a standard higher than the "beyond a reasonable doubt" standard applies here. In fact, the Supreme Court has held that even when a trial court erroneously admits a full confession that was coerced, that error is subject to harmless error analysis under this precise standard. See Arizona v. Fulminante, 499 U.S. 279, 306-12 (1991). Moreover, in a case cited earlier by the government (Docket No. 135, p. 6), the First Circuit expressly applied this harmless error test in concluding that the admission of a statement taken in violation of Miranda was harmless, citing Fulminante. See United States v. Downs-Moses, 329 F.3d 253, 267-68 (1st Cir. 2003); accord United States v. Batista-Polanco, 927 F.2d 14, 20-21 (1st Cir. 1991) (reaching same result prior to Fulminante); United States v. Kallevig, 534 F.2d 411, 415 (1st Cir. 1976) (same, and concluding that any error in admission of highly incriminating statements was harmless in light of "[t]he substantial amount of cocaine found on appellant's person [which] constituted overwhelming evidence of her guilt quite apart from her own admissions").

Also at yesterday's hearing, the defense suggested that harmless error review must include a broader assessment of prejudice that would go beyond the trial evidence. According to the defense, such review must include a counterfactual analysis that would take into account certain alleged tactical choices that the defense might have made differently had the statements at issue not been admitted. That, too, is wrong. The Supreme Court has said that even in the case of the admission of a coerced full confession, that error is like any other trial error, in that the impact of the confession may be "quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." Fulminante, 499 U.S. at 308

(emphasis added). The Court later clarified: "When reviewing the erroneous admission of an involuntary confession, the appellate court, as it does with the admission of other forms of improperly admitted evidence, simply reviews the remainder of the evidence against the defendant to determine whether the admission of the confession was harmless beyond a reasonable doubt." Id. at 310 (emphasis added). The government has found no published decision which holds or even implies that harmless error review should go beyond the evidence presented at trial and explore possible strategic issues that might have been handled differently had certain evidence not been admitted. Moreover, there are obvious practical problems with engaging in such a counterfactual analysis, since one can never be sure whether the defense would have employed a particular (allegedly eschewed) strategy, and such an argument would inevitably invite counter-arguments from the government concerning the strategies that it would have employed in response.

For reasons already explained, the statements at issue were of minor significance and they were a far cry from full confessions. When the statements are compared to the remaining evidence in the case, it is plain that the alleged error in their admission was harmless beyond a reasonable doubt. There is simply no chance that they altered the jury's verdict.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Donald C. Lockhart

DONALD C. LOCKHART
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email donald.lockhart2@usdoj.gov

**CERTIFICATION**

I hereby certify that on the 19th day of June 2008, I caused a copy of the Government's Notice of Supplemental Authority to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Andrew Berg, Esq.
128 Dorrance Street, Suite 400
Providence, RI 02903.

/s/ Donald C. Lockhart
DONALD C. LOCKHART
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email donald.lockhart2@usdoj.gov